IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-279-BR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GABRIEL GUZMAN-MORENO, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court *sua sponte*, pursuant to 18 U.S.C. § 4241(a), concerning defendant's mental competency. Defendant appeared before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain him pending trial. At today's proceedings, as well as at his initial appearance on 23 September 2010, defendant engaged in conduct that was strongly suggestive of significant mental problems, including today talking in a loud voice over the court about nonsensical matters. In addition, the pretrial services report states that defendant, who is currently incarcerated at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner"), has been housed in segregation for the past year due to his behavior and that the FCI Butner psychiatrist has recommended that he receive a competency evaluation. Based the court's own observation of defendant and the information in the pretrial services report, as detailed on the record, and without objection by the government, the court found in open court and hereby reiterates that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect rendering his mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

IT IS THEREFORE ORDERED as follows:

1. Defendant shall be examined by at least one qualified psychiatrist or psychologist under the provisions of 18 U.S.C. § 4241(b) and § 4247(b) and (c) to determine if he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2. Defendant is committed to the custody of the Attorney General or his designated representative for placement in a suitable facility for purposes of the examination. Defendant shall remain in the custody until his release is ordered by this court.

3. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

4. Reports on the examination shall be prepared, served, and filed in accordance with 18 U.S.C. § 4247(c). A copy of the report shall be sent directly to the chambers of the undersigned Magistrate Judge at the time of service and filing.

5. Further court proceedings in this case are continued pending order of the court after resolution of the competency issue.

6. The delay that results from the examination and continuance provided for herein shall be excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A) on the grounds that the ends of justice served by granting such relief outweigh the interests of the public and defendant in a speedy trial.

7. No later than 13 October 2010, counsel shall file a joint report on the status of defendant's placement and evaluation. The memorandum shall include: the identity of the facility at which defendant has been placed for the evaluation; the expected date of completion of the evaluation if not already completed (to the extent reasonably obtainable) or, if completed, the date of completion; and if not already submitted to the court, the expected date of submission of the report on the evaluation (to the extent reasonably obtainable).

8. No later than 15 November 2010, counsel shall file another joint report on the status of defendant's placement and evaluation, which shall include the same information required in the preceding paragraph.

SO ORDERED, this the 28th day of September 2010.

James E. Gates
United States Magistrate Judge