IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-279-BR-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GABRIEL GUZMAN-MORENO, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for a hearing on the competency of defendant to stand trial on the indictment filed 18 August 2010 (D.E. 1). At the hearing, the government was represented by Assistant United States Attorney Yvonne V. Watford-McKinney and defendant, who was present in the courtroom, was represented by Assistant Federal Defender Jane E. Pearce. The court advised defendant of his rights under 18 U.S.C. § 4247(d).

The government then offered into evidence the Forensic Report dated 28 October 2010 and filed 5 November 2010 (D.E. 17), which was prepared at the Federal Correctional Institution at Butner, North Carolina, pursuant to the order entered 29 September 2010 (D.E. 10). The Forensic Report determined that defendant is incompetent to stand trial due to a diagnosis of schizoaffective disorder, bipolar type, and recommended a period of mental health treatment, pursuant to 18 U.S.C. § 4241(d). The court admitted the Forensic Report into evidence without objection. The government offered no further evidence.

Defendant made a brief statement. No further evidence was offered on his behalf. Counsel for both parties made additional remarks.

After consideration of the Forensic Report and the other information presented at the hearing, the court FINDS by a preponderance of the evidence, pursuant to 18 U.S.C. § 4241(d), that defendant

is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 4241(d), as follows:

1. Defendant is hereby committed to the custody of the Attorney General.

2. The Attorney General shall hospitalize defendant for treatment in a suitable facility for a period of four months. Nothing in this order shall authorize involuntary medication of defendant.

3. It is recommended that defendant be hospitalized at the Federal Medical Center at Butner, North Carolina or at the Federal Correctional Institution Medium One at Butner, North Carolina to facilitate access to defendant by his counsel.

4. The facility to which defendant is assigned shall provide counsel for defendant, upon her request, the opportunity to meet with defendant in a confidential setting, that is, one in which counsel and defendant may engage in privileged conversation outside the presence of correctional officers and others, as frequently as necessary for the effective representation of defendant in this case.

5. Defendant shall remain at the facility to which he is assigned until his release is authorized by order of this court.

6. No later than 24 January 2011, counsel shall file a joint report on the status of defendant's placement and treatment. The memorandum shall include: the identity of the facility at which defendant has been placed for treatment; the expected date of completion of the treatment period if not already completed (to the extent reasonably obtainable) or, if completed, the date of

completion; and if not already submitted to the court, the expected date of submission of the report on the treatment of defendant (to the extent reasonably obtainable).

7. No later than 24 March 2011, counsel shall file another joint report which shall include the same information required in the preceding paragraph.

SO ORDERED, this the 23rd day of November 2010.

_____
James E. Gates
United States Magistrate Judge